UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mahmoud Yousefzadeh, | Case No. 17-cv-5501 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Hill-Rom Company, Inc., | |
| Defendant. | |

Mahmoud Yousefzadeh, 9652 Clark Circle, Eden Prairie, MN 55347 (pro se Plaintiff); and

Brandon Haugrud and Kerry L. Middleton, Littler Mendelson, PC, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court on pro se Plaintiff Mahmoud Yousefzadeh's "Notice of Motion and Motion for Dismissing Conducted Activities by Attorney Brandon Haugrud and Depositions" (ECF No. 52). Plaintiff requests that all activities in this case conducted by Attorney Brandon Haugrud be "dismissed." According to Plaintiff, because Attorney Haugrud did not sign Defendant Hill-Rom Company, Inc.'s Answer to Amended Complaint (ECF No. 17) or a July 12, 2018 letter accompanying a deposition notice, he was not authorized to conduct activities in this litigation. Without citation to any legal authority or particular rule, Plaintiff contends that Attorney Haugrud has violated the "Court Rules," "Deposition Court Rules," "Conducting Deposition Rules," and "Court Rules of Client Representation and Conducting Deposition [sic]."

1

Plaintiff did not follow this Court's Local Rules in filing his motion. There is no indication that Plaintiff met and conferred with Defendant. D. Minn. LR 7.1(a). Plaintiff did not contact the undersigned to secure a hearing date before filing his motion. D. Minn. LR 7.1(b). As the Court has reminded Plaintiff in the Second Amended Pretrial Scheduling Order (ECF No. 55), Plaintiff's pro se status does *not* excuse him from complying with the Federal Rules of Civil Procedure and the Court's Local Rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *adopting report and recommendation*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012). Plaintiff's failure to follow the procedural requirements of this Court's Local Rules would itself be sufficient to deny his motion. *See* D. Minn. LR 1.3 ("If an attorney, law firm, or party violates these rules or is responsible for a rule violation, the court may impose appropriate sanctions as needed to protect the parties and the interests of justice."); *see also United States v. Murillo-Mora*, 703 F. App'x 435, 437 (8th Cir. 2017) ("Rules of practice adopted by United States District Courts have the force and effect of law, and it is for the district court to determine what departures from its rules may be overlooked." (quotation omitted)).

In addition to failing once again to follow the applicable rules of the Court, Plaintiff's self-styled motion is meritless and has no support in law. Attorney Haugrud is

Plaintiff did not follow this Court's Local Rules in filing his motion. There is no indication that Plaintiff met and conferred with Defendant. D. Minn. LR 7.1(a). Plaintiff did not contact the undersigned to secure a hearing date before filing his motion. D. Minn. LR 7.1(b). As the Court has reminded Plaintiff in the Second Amended Pretrial Scheduling Order (ECF No. 55), Plaintiff's pro se status does *not* excuse him from complying with the Federal Rules of Civil Procedure and the Court's Local Rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *adopting report and recommendation*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012). Plaintiff's failure to follow the procedural requirements of this Court's Local Rules would itself be sufficient to deny his motion. *See* D. Minn. LR 1.3 ("If an attorney, law firm, or party violates these rules or is responsible for a rule violation, the court may impose appropriate sanctions as needed to protect the parties and the interests of justice."); *see also United States v. Murillo-Mora*, 703 F. App'x 435, 437 (8th Cir. 2017) ("Rules of practice adopted by United States District Courts have the force and effect of law, and it is for the district court to determine what departures from its rules may be overlooked." (quotation omitted)).

In addition to failing once again to follow the applicable rules of the Court, Plaintiff's self-styled motion is meritless and has no support in law. Attorney Haugrud is

presently licensed to practice in the State of Minnesota.[1] Attorney Haugrud is admitted to the bar of this Court and is in good standing. *See* D. Minn. LR 83.5. On March 21, 2018, Attorney Haugrud entered a notice of appearance in this matter on behalf of Defendant. (ECF No. 20.) Such notice signified to the Court that Attorney Haugrud is in fact representing Defendant. *Christianson v. Markquart*, No. 16-cv-1034 (JRT/KMM), 2018 WL 3474058, at *5 (D. Minn. July 19, 2018). Plaintiff's motion is therefore denied.

Plaintiff is cautioned that the Court will not look favorably on future filings whose sole purpose appears to be the further delay of the resolution of this matter. The Court will act when a party's actions undermine the judicial process through willful violations of court orders and rules, contumacious conduct, and/or intentional delay.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Notice of Motion and Motion for Dismissing Conducted Activities by Attorney Brandon Haugrud and Depositions" (ECF No. 52) is **DENIED**.

2. **All prior consistent orders remain in full force and effect.**

3. **Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of**

---

[1] The status of Attorney Haugrud's license is publicly available to the Court through the Minnesota Attorney Registration System Database, maintained by the Lawyer Registration Office of the Minnesota Supreme Court, https://www.lro.mn.gov/for-the-public/lawyer-registration-database-search-public/.

**whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Dated: November  28  , 2018         *s/ Tony N. Leung*
                                    Magistrate Judge Tony N. Leung
                                    United States District Court
                                    District of Minnesota


                                    *Yousefzadeh v. Hill-Rom, Inc.*
                                    Case No. 17-cv-5501 (SRN/TNL)