UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mahmoud Yousefzadeh, | Case No. 17-cv-5501 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Hill-Rom Company, Inc., | |
| Defendant. | |

---

Mahmoud Yousefzadeh, 9652 Clark Circle, Eden Prairie, MN 55347 (pro se Plaintiff); and

Brandon Haugrud and Kerry L. Middleton, Littler Mendelson, PC, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402 (for Defendant).

---

This matter is before the Court on pro se Plaintiff Mahmoud Yousefzadeh's Motion to Withdraw Jury Trial Demand and Memorandum of Law in Support (Mot. & Mem., ECF No. 61).[1] A hearing was held on February 5, 2019. Plaintiff appeared pro se. Brandon Haugrud appeared on behalf of Defendant Hill-Rom Company, Inc.

---

[1] Plaintiff filed his motion and memorandum of law together in a single document. The Local Rules of this Court require the motion and memorandum to be filed separately. *See* D. Minn. LR 7.1(b)(1). The Court has reminded Plaintiff on at least two occasions of the need to comply with the Local Rules notwithstanding his pro se status. (*See, e.g.*, ECF Nos. 55 at 1-2, 56 at 2.) Again, Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure and the Local Rules of this Court. While pro se litigants are accorded a certain degree of latitude, the Court has already twice warned Plaintiff that future noncompliance may subject him "to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate." (ECF No. 55 at 6; *accord* ECF No. 56 at 3-4.) The Court's patience is not without bounds.

1

## I. BACKGROUND

In May 2018, the parties filed, and the Court granted, a stipulation allowing Plaintiff to file a Second Amended Complaint. (*See* ECF Nos. 31, 33.) In the Second Amended Complaint, Plaintiff demanded a jury trial. (*See generally* Second Am. Compl., ECF No. 34.) Plaintiff now moves to withdraw his jury trial demand.[2] Defendant opposes the motion.

## II. ANALYSIS

Rule 38 of the Federal Rules of Civil Procedure provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a); *see* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . .").

In this employment dispute, Plaintiff brings claims for discrimination and retaliation/reprisal under Title VII the Civil Rights Act of 1964 and the Minnesota Human Rights Act ("MHRA"), seeking compensatory damages among other things. "The Civil Rights Act of 1991 amended Title VII, in relevant part, by creating a right to trial by jury." *Anderson v. United Parcel Serv., Inc.*, 248 F. App'x 97, 101 (11th Cir. 2007); *see* 42 U.S.C. § 1981a(c) ("If a complaining party seeks compensatory or punitive damages under this section . . . any party may demand a trial by jury . . . ."); *see also, e.g.*, *Casteel v. City of Crete*, No. 4:16CV3166, 2017 WL 3635184, at *3 (D. Neb. Aug. 23, 2017) (stating

---

[2] "A motion to strike a jury trial demand is considered a non-dispositive motion." *Fed. Nat'l Mortg. Ass'n v. Grossman*, 12-cv-2953 (SRN/JJG), 2014 WL 12603063, at *5 (D. Minn. Apr. 11, 2014).

"§ 1981a expressly and unambiguously provides for a right to a jury trial for certain claims under the ADA and Title VII"). In 2014, the MHRA was amended to provide that "[a] person bringing a civil action seeking redress for an unfair discriminatory practice or a respondent is entitled to a jury trial." Minn. Stat. § 363A.33, subd. 6; *see* 2014 Minn. Laws ch. 233, § 1; *see also Pearson v. Rohn Indus., Inc.*, No. A15-0477, 2015 WL 9264051, at *3 n.1 (Minn. Ct. App. Dec. 21, 2015) (noting amendment). Even prior to this change, the Eighth Circuit Court of Appeals had already "held that the Seventh Amendment provides a right to a jury trial in federal court for an action brought under the MHRA in which the Plaintiff seeks compensatory damages." *Eldredge v. City of St. Paul*, No. 09-cv-2018 (SRN/JSM), 2011 WL 4347940, at *2 (D. Minn. Sept. 16, 2011) (citing *Kampa v. White Consolidated Indus., Inc.*, 115 F.3d 585, 586-87 (8th Cir. 1997)); *see also Eichten v. Kmart Corp.*, No. 07-cv-3006 (RHK/RLE), 2007 WL 2084142, at *2 n.3 (D. Minn. July 17, 2007). Thus, Plaintiff's jury demand was proper.

When a plaintiff is entitled to and demands a jury trial, that demand cannot be unilaterally withdrawn over the defendant's objection. *See, e.g.*, *Manrique v. Fagan*, No.08-60501-CIV, 2009 WL 700999, at *8 (S.D. Fla. Mar. 16, 2009); *Alexander v. Chattahoochee Valley Cmty. Coll.*, 303 F. Supp. 2d 1289, 1291 (M.D. Ala. 2004). "A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d).

> It would be unfair to permit unilateral withdrawal of a proper jury demand if one side did not bother to make a demand because an opposing party had already done so. Thus, a party may rely on the fact that an opposing party made a jury demand in those situations where a second demand would, in fact, be superfluous.

*Westminster Sec. Corp. v. Uranium Energy Corp.*, 255 F. Supp. 3d 490, 496 (S.D.N.Y. 2017) (quotation omitted). Plaintiff has provided no authority for his argument that Rule 38(d)'s consent requirement does not apply in this case or that any purported disagreement with his former[3] attorney allows him to unilaterally withdraw the jury demand. Because Rule 38(d) requires the consent of the parties before a proper jury demand may be withdrawn and Defendant has not consented, Plaintiff's motion to withdraw his jury demand is denied. *See* Fed. R. Civ. P. 38(d).

## III. DEFENDANT'S REQUEST FOR FEES UNDER 28 U.S.C. § 1927

Lastly, Defendant requests that it "be reimbursed for its reasonable attorneys' fees incurred in opposing Plaintiff's Motion pursuant to 28 U.S.C. § 1927." (Def.'s Opp'n at 2, ECF No. 66.) Defendant asserts that "[t]he Motion is groundless and needlessly increased the expense of this litigation for no justifiable reason." (Def.'s Opp'n at 2.)

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. There is a split among the Circuits as to whether § 1927 can be applied to pro se litigants like Plaintiff. *See, e.g.*, *Inst. For Motivational Living, Inc. v. Doulos Inst. For Strategic Consulting, Inc.*, 110 F. App'x 283, 286 (3rd Cir. 2004); *Murrin v. Fischer*, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857, at *33 (D. Minn. Feb. 25, 2008). In any

---

[3] Plaintiff's former attorney moved for, and was granted, leave to withdraw as counsel in this matter. (ECF Nos. 40, 45.)

4

event, it is not clear to this Court, at this juncture, that Plaintiff exhibited vexatious conduct in bringing the present motion. Defendant's request for fees is denied.

There are, however, other avenues upon which a party might seek relief should circumstances arise in the future where such conduct is apparent, including but not limited to Rule 11 of the Federal Rules of Civil Procedure, the Court's Orders,[4] and the Court's inherent authority.

[Continued on next page.]

---

[4] *See, e.g.*, n.1 *supra*.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Withdraw Jury Trial Demand and Memorandum of Law in Support (ECF No. 61) is **DENIED**.

2. Defendant's request for attorneys' fees under 28 U.S.C. § 1927 is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: March  8 , 2019                     *s/ Tony N. Leung*
                                            Magistrate Judge Tony N. Leung
                                            United States District Court
                                            District of Minnesota


                                            *Yousefzadeh v. Hill-Rom, Inc.*
                                            Case No. 17-cv-5501 (SRN/TNL)