## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mahmoud Yousefzadeh, | Case No. 17-CV-05501 (SRN/TNL) |
| Plaintiff, | |
| v. | **AMENDED MEMORANDUM OPINION AND ORDER**[1] |
| Hill-Rom Co., Inc., | |
| Defendant. | |

Mahmoud Yousefzadeh, 9652 Clark Circle, Eden Prairie, MN 55347, pro se.

Alice D. Kirkland and Kerry L. Middleton, Littler Mendelson, P.C., 1300 IDS Center, 80 South 8th Street, Minneapolis, Minnesota, 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

Before the Court is Plaintiff Mahmoud Yousefzadeh's pro se Motion for Review of Taxation of Costs [Doc. No. 97].  For the reasons set forth below, the Court grants the motion in part and denies in part.

## II.    BACKGROUND

On December 30, 2019, the Court granted Defendant's Motion for Summary Judgment and dismissed Yousefzadeh's Complaint with prejudice.  (Summ. J. Order [Doc.

---

[1] The May 5, 2020 Order [Doc. No. 104] is amended to correct a typographical error that occurred on page 10, in which the Court referred to the incorrect docket number for the underlying motion.  In all other respects, the Amended Order is identical to the May 5, 2020 Order.

No. 88].)  Thereafter, Defendant filed a Bill of Costs with this Court, seeking $6,803.04 in taxable costs from Yousefzadeh associated with fees for (1) printed and electronically recorded transcripts of four depositions; and (2) copies of materials obtained for use in the case, which were documents "anticipated as possible exhibits or marked as exhibits to Plaintiff's deposition" and "medical records" from four different medical facilities.  (Def.'s Bill of Costs [Doc. No. 91] at 1-3.)  The total included $5,923.95 for transcript costs and $879.09 for copies of records fees.  (*Id.* at 2.)  On February 28, 2020, the Clerk of Court issued a Cost Judgment, disallowing $80 in claimed costs, and allowing $6,723.04 in total taxable costs.  (Cost J. [Doc. No. 95].)

Yousefzadeh seeks review of the Cost Judgment, challenging Defendant's entitlement to $3,936.79 of the $6,723.04[2] in costs taxed against him for transcript costs and copies fees.  (Pl.'s Mot. for Review ("Pl.'s Mem.") [Doc. No. 97] at 9.)  For the transcript costs, he asserts that video recordings of three depositions were "unnecessary" and further objects to the costs associated with the second day of his own deposition.  (*Id.* at 4-5.)  And, as for the copy fees, he asserts that "too many" copies were made of "documents anticipated as possible exhibits or marked as exhibits" to his deposition and further objects to the costs of all copies of his "medical records," alleging these records were "unrelated" to the case.  (Id. at 1, 7.)  Alternatively, he seeks to vacate the Cost Judgment based on his financial condition.  (*Id*. at 9-10.)  In response, Defendant asks the

---

[2]     Although Plaintiff incorrectly asserts that the Clerk of Court taxed "$6,722.95" against him, (Pl.'s Mem. at 1), the correct total is noted above.

Court to affirm the total amount of costs awarded by the Clerk of Court.  (Def.'s Opp'n [Doc. No. 101] at 1-11.)

## III.    DISCUSSION

### A.        The Law

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A list of taxable costs is found in 28 U.S.C. § 1920, and includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2), (4).

Judicial review of the taxation of costs "is a de novo determination addressed to the sound discretion of the court."  *E. Coast Test Prep, LLC v. Allnurses.com, Inc*., No. 15-cv-3705 (JRT/ECW), 2019 WL 1487812, at *6 (D. Minn. Apr. 4, 2019) (quotation and citation omitted).  The party seeking review bears the burden of showing that a cost judgment is "inequitable under the circumstances."  *Concord Boat Corp. v. Brunswick Corp*, 309 F.3d 494, 498 (8th Cir. 2002) (quotation omitted).

### B.        Analysis

#### 1.        Costs of Deposition Transcripts

Section 1920(2) allows taxable costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The Eighth Circuit has found that a party can recover costs of both a stenographic transcript and video of the same deposition, "as long as each transcript is necessarily obtained for use in a case."  *Stanley v.*

*Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) (quoting *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)).

### a.   Deposition Videography Costs

Yousefzadeh objects to the costs associated with obtaining videography of his own deposition and the depositions of two witnesses, Donna Shatava and Bob Whittemore. (Pl.'s Mem. at 4, 9.)  Defendant claims that it was "necessary" to obtain video transcripts of these depositions.  (Def.'s Opp'n at 5.)

The Court is unpersuaded by Defendant's assertion.  Defendant's decision to obtain both stenographic transcripts and video recordings of these depositions, based on the possibility of use at trial, does not make the video depositions necessarily obtained for use in the case.  In a case cited by Defendant, *St. Jude Medical S.C., Inc. v. Hanson*, Judge Kyle of this Court allowed recovery for the costs of the video and printed format of the same depositions but only because the prevailing party maintained that the "video format was necessary due to its inability to compel the live trial testimony of many of the witnesses."  No. 13-cv-2463 (RHK/BRT), 2015 WL 7069650, at *4 (D. Minn. Nov. 13, 2015) (further allowing the recovery of costs for both formats because prevailing party anticipated opposing counsel using video testimony at trial because he was "the first to elect to video-record the depositions.").

Unlike *Hanson*, here, there is no suggestion that Defendant could not compel any of the witnesses to appear at trial.  Instead, Defendant claims that it similarly "anticipated" that Plaintiff would be using video recordings in his own trial presentation.  (Def.'s Opp'n at 6).  But no evidence of Plaintiff's election to record any of the depositions is in the

4

record.  As for its own anticipated trial presentation, Defendant does not address why it could not have used the common procedure of having someone read the deposition testimony into the record.  While it is true that video excerpts might generally "enhance the efficiency and efficacy" of a trial presentation, (Def.'s Opp'n at 6), Defendant has not identified any special circumstances unique to this case that support a finding that these costs were "necessarily obtained."  To hold otherwise would result in blanket support for the award of costs for video depositions in all cases.  And, even if Yousefzadeh deposed certain defense witnesses, without the aid of counsel, Defendant provides no explanation for why a written record was insufficient for ensuring that he followed applicable rules.  (*See* Decl. of Kerry Middleton [Doc. No. 102] at ¶ 3.)  Defendant must therefore bear the expense of the video depositions, and the Court will reduce the Bill of Costs by $2,772.50 for that expense.

### b.    Written Deposition Transcript Costs

Yousefzadeh also objects to the costs associated with obtaining a written transcript of the second day of his deposition.  (Pl.'s Mem. at 4, 9.)  Yet, he admits that Defendant is entitled to $2,786.25 of the $6,723.04 in costs the Clerk taxed against him, which represents the rest of the costs of written deposition transcripts and the associated court reporting.  (*Id.* at 9.)  Nonetheless, he asserts that Defendant did not need to continue his deposition and that, by doing so, Defendant exceeded the seven-hour limit set by the Federal Rules of Civil Procedure.  (*Id.* at 3-4.)

The Court disagrees.  Plaintiff's testimony is indisputably relevant to the case.  It further appears that no objection was made to the magistrate judge, at the time of the

deposition, that the deposition impermissibly exceeded the seven-hour limit.  Nor is there any evidence in the record that the deposition meaningfully exceeded 7 hours.  (Def.'s Opp'n at 4.)  Thus, the costs associated with Yousefzadeh's second day of deposition are recoverable and his objection is overruled.

### 2.       Copying Costs

Yousefzadeh next objects to Defendant's copying costs, arguing that the claimed $879.09 was incurred for (1) unnecessary copies of documents that were not brought to his deposition; and (2) copies of his medical records that were "irrelevant" to the case.  (Pl.'s Mem. at 4-8.)  Under  28 U.S.C. § 1920(4), a party may recover the "costs of making copies of any materials where the copies are necessarily obtained for use in the case."  As for the first category of documents, Defendant maintains that "1,353 copies were used to prepare documents that were actually marked or anticipated to be marked as exhibits" for use during Plaintiff's deposition, which includes courtesy copies for each party's counsel and the witness.  (Def.'s Opp'n at 7-8.)  Defendant further argues that courts "may tax costs for discovery-related copying" under Section 1920.  (*Id*. at 7 (quoting *Stanley*, 784 F.3d at 467) (citing *Little Rock Cardiology Clinic P.A. v. Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009)).

The Court agrees with Defendant.  Because there is no indication in the record that these copies were obtained for reasons "other than trial preparation," these costs are recoverable.  *Stanley*, 784 F.3d at 467.  As Defendant notes, "[d]eposing Plaintiff was [] necessary to understand the full breadth of his claims and bringing copies of relevant documents . . . was specifically required here in order to conduct an effective deposition[.]"

(Def.'s Opp'n at 7) (further noting that Plaintiff produced a large amount of discovery for his claims).  Moreover, the rate at which Defendant appears to be seeking to recover its copy costs for these documents (around 12 cents per page) is reasonable.[3]  *See*, *e.g*., *Porter v. McDonough*, No. 09-2536 (RHK/SER), 2011 WL 821181, at *4 (D. Minn. March 2, 2011) (finding cost of 15 cents per page reasonable).

Regarding the second category of documents, Defendant persuasively contends that medical records were obtained to "ensure that [it] could fully address Plaintiff's damages claims at trial, which involved alleged emotional distress with physical symptoms." (Def.'s Opp'n at 8); (*see also* (Second Am. Compl. [Doc. No. 34] at ¶¶ 55, 63, 68, 73, 81, 89, 99.) The records produced by Defendant also show that they seek to recover only what the medical providers charged them in providing the records.[4]  (Decl. of Alice Kirkland, [Doc. No. 92] at Ex. C-1).

Accordingly, Yousefzadeh's objection to the copying costs is thus overruled; the costs will be taxed.

---

[3]     Plaintiff also contends that there are duplicate costs within Defendant's Bill of Costs.  (Pl.'s Mem. at 6-7.)  Based on the Court's review of the cost documentation, this assertion appears to stem from the invoices' use of subtotals and the use of the term "duplication" as a synonym for "copying" costs, which is misinterpreted by Plaintiff as additional costs.

[4]     Plaintiff further asserts that Defendant is requesting him to pay for its time reviewing his medical records.  (Pl.'s Mem. at 8.)  However, from a plain reading of Defendant's Bill of Costs, accompanying affidavit, and cost documentation, Defendant is only seeking the costs associated with retrieving copies of Plaintiff's medical records.

### 3.        Inability to Pay

In the alternative, Yousefzadeh claims that the entire Cost Judgment should be vacated based on his inability to pay due to his lack of current employment and his decision to apply for early retirement.  In support of this position, he submits documentary evidence[5] that he is collecting Social Security benefits, which total approximately $1,472.00 per month, and that his family receives Minnesota Care.  (Pl.'s Mem. at 9-10);(*see also* [Doc. No. 98] at Exs. N-Q (qualifying for health care under Minn. Stat. § 256L.04 for families with "children with family income above 133 percent of the federal poverty guidelines and equal to or less than 200 percent of the federal poverty guidelines for the applicable family size.").)  He also submits documentary evidence demonstrating that his wife is recently unemployed and collected unemployment insurance benefits in 2019.  ([Doc. No. 98] at Ex. R.)

He further claims, without evidentiary support, that it is "very difficult to make [a] living with this money" and pay costs for "supplement[al] health [bills], telephone fees, home taxes, car insurance . . . internet, gas, [and] utilities bills."  (Pl.'s Mem. at 10) (further alleging that he can no longer afford to contribute to his son's 529 plan for future education costs).  It is on this basis that he claims he cannot afford to pay Defendant's costs.  Although it is safe to assume that Yousefzadeh is of moderate means, Defendant contends that the

---

[5]        Defendant asserts that the documentation submitted "has not been authenticated in the manner required to be admissible before this Court."  (Def.'s Opp'n at 10.)  Because Plaintiff is pursuing this motion on his own, however, the Court will consider the documents he submitted.

documentary evidence insufficiently demonstrates his overall financial state. (Def.'s Opp'n at 10.)

The Court agrees with Defendant. Given the lack of specific and detailed information regarding Plaintiff's financial information, the Court would be speculating that imposing the cost award against him would be inequitable. *See Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (ECT/KMM), 2019 WL 6650475, at *2 (D. Minn. Dec. 6, 2019) (finding record evidence insufficient to justify concluding no award of costs). While a non-prevailing party's financial status may be considered when determining whether to tax costs, they "must be facing dire financial circumstances" to avoid paying costs. *Kaplan v. Mayo Clinic*, No. 07-cv-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). "Furthermore, '[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future.'" *Id*. (internal quotation omitted). Here, the evidence in the record does not provide detailed information about Yousefzadeh's overall financial condition, including any information about potential assets or savings. *See*, *e.g.*, *A.D. v. Deere and Co*., 229 F.R.D. 189, 194 (D.N.M. 2004) (requiring balance sheet to determine financial condition and whether individual plaintiffs could pay an $8,000 cost bill). The Court is therefore unable to determine from the record any certain basis for finding that Yousefzadeh is unable to pay the Cost Judgment.

## IV.    ORDER

Based on the forgoing, and all files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff's Motion for Review of Taxation of Costs [Doc. No. 97] is **GRANTED in part and DENIED in part**.

2. The Clerk of Court is **DIRECTED** to tax costs against Yousefzadeh in the amount of $ 3,950.54.

Dated:   May 5, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge